UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

v.

PHARMACY LOGISTICS, INC.,
Defendant.

Cr. No. _____

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure,

the United States and Defendant Pharmacy Logistics, Inc. have reached the following

agreement:

      1.      Defendant's Obligations.

           a.      Defendant will plead guilty to a one-count Information which

charges Defendant with Conspiracy to Introduce a Misbranded Drug into Interstate

Commerce, in violation of 18 U.S.C. § 371.  Defendant agrees that the time between the

filing of this plea agreement and the scheduled date for the change of plea is excludable

under the Speedy Trial Act, 18 U.S.C. § 3161.

           b.  Defendant further agrees:

                 (i) to forfeit in United States v. $79,303.69 on deposit in the Bank

of America, N.A. Account Number 5505885178, et al., C.A. No. 14-96M, the following

bank accounts and all funds seized therefrom:

                     a.    $79,303.69 on deposit in the Bank of America, N.A. Account
                         Number 5505885178, held in the name of Pharmacy Logistics,
                         Inc. d/b/a Ninth Street Pharmacy;

    b.  $58,097.74 on deposit in TD Bank Account Number 4284688525, held in the name of Pharmacy Logistics, Inc. d/b/a Ninth Street Pharmacy;

    c.  $88,881.02 on deposit in PNC Bank Account Number 8622104361, held in the name of Pharmacy Logistics, Inc. d/b/a Ninth Street Pharmacy;

    d.  $95,892.74 on deposit in Citibank Account Number 9136533710, held in the name of Pharmacy Logistics, Inc. d/b/a Ninth Street Pharmacy;

    e.  $20,002.88 on deposit in Citibank Account Number 9136533723, held in the name of Pharmacy Logistics, Inc. d/b/a Ninth Street Pharmacy;

    f.  $359,657.46 on deposit in JP Morgan Chase Bank N.A. Account Number 2963121761, held in the name of Pharmacy Logistics, Inc; and,

    g.  $1,041,296.71 on deposit in JP Morgan Chase Bank N.A. Account Number S13283007, held in the name of Pharmacy Logistics, Inc.

(ii)  that all property covered by this agreement, including the assets specifically identified and listed in subparagraph 1c(i) of this plea agreement, is subject to forfeiture as alleged in the Complaint filed by the United States in United States v. $79,303.69 on deposit in the Bank of America, N.A. Account Number 5505885178, et al., C.A. No. 14-96M.

(iii)  to hold the United States, its agents, and its employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement.

(iv)  to waive all interest in the assets specifically identified and listed in subparagraph 1c(i) of this plea agreement and to consent to the entry of an order of forfeiture for such property in United States v. $79,303.69 on deposit in the Bank of America, N.A. Account Number 5505885178, et al., C.A. No. 14-96M.

(v) to take all steps as requested by the United States to pass clear title to the United States of forfeitable assets, including the assets specifically identified and listed in subparagraph 1c(i) of this plea agreement, and to testify truthfully in any judicial forfeiture proceeding.

2.    Government's Obligations.

In exchange for Defendant's plea of guilty:

a.    Defendant understands that the government could file or seek charges against it for offenses which carry higher statutory maximum sentences than the offenses to which it is pleading.  If Defendant complies with all of the terms of this plea agreement, as part of this plea agreement, the government agrees not to file or seek additional charges against Defendant.

b.    The government will recommend that the Court impose a sentence within the range of sentences for the offense level determined by the Court under the United States Sentencing Guidelines (USSG or the "guidelines").

c.    For purposes of determining the offense level, the government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) of the guidelines if Defendant continues to demonstrate Defendant's acceptance of responsibility through sentencing.

d.    As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty.  If the offense level is 16 or greater and Defendant enters a plea of guilty pursuant to this agreement, the government will move the sentencing Court for an additional decrease of one level, pursuant to USSG §

3

3E1.1(b), unless Defendant indicates an intention not to enter a plea of guilty, thereby requiring the government to prepare for trial.

3.  Defendant understands that the guidelines are not binding on the Court and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

4.  The United States and Defendant stipulate and agree to the following:

a.  The amount of loss relating to the conspiracy charged in the Information and Defendant's relevant conduct under Guidelines §§ 1B1.3; 2B1.1; and 2N2.1(c)(1) is between $7,000,000 and $20,000,000.

5.  Except as expressly provided in paragraphs 2 and 4, there is no agreement as to which Offense Level and Criminal History Category applies in this case.

6.  The maximum statutory penalties for the offense to which Defendant is pleading guilty are as follows:

COUNT I (18 U.S.C. § 371)

a.  a term of probation of not more than five years;

b.  a fine of $500,000 or twice the amount of the pecuniary gain or loss from the offense, whichever is greater; and,

c.  a mandatory special assessment of $100.

7.  Defendant agrees that after Defendant and Defendant's counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a

4

money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessment. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the guidelines for Acceptance of Responsibility.

8.    Defendant is advised and understands that:

     a.    The government has the right, in a prosecution for perjury or making a false statement, to use against the defendant any statement that the defendant gives under oath;

     b.    Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

     c.    Defendant has the right to a jury trial;

     d.    Defendant has the right to be represented by counsel - and if necessary, have the Court appoint counsel - at trial and every other stage of the proceeding;

     e.    Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and,

     f.    Defendant waives these trial rights if the Court accepts a plea of guilty.

9.    The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate

sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

10.     Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations.  The Court is free to impose any sentence it deems appropriate.  Defendant also understands that, even if the Court's guidelines determinations and sentence are different than Defendant expects, Defendant will not be allowed to withdraw the plea of guilty.

11.     Defendant hereby waives Defendant's right to appeal Defendant's conviction and sentence, if the sentence imposed by the Court is within the guideline range determined by the Court or lower.  This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

12.     This agreement is binding on the government only if Defendant pleads guilty, fulfills all Defendant's obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses.  Defendant understands that if Defendant violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate.  If that occurs, Defendant shall not have the right to withdraw Defendant's guilty plea.

13.     This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

14.     This plea agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter this agreement.  Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

15.     Counsel for Defendant states that he has read this agreement, been given a copy of it for his file, explained it to his client, and states that to the best of his knowledge and belief, Defendant understands the agreement.

16.    Defendant states that Defendant has read the agreement or has had it read

to Defendant, has discussed it with counsel, understands it, and agrees to its provisions.

PHARMACY LOGISTICS, INC.
Defendant
BY:

_____          3 | 16 | 2015
GENNADY KRUPNIKAS                           Date
President

_____          3 / 18 / 2015
JAMES RYAN, Esq.                            Date
Counsel for Defendant

_____          3 / 17 / 15
GERALD E. GREENBERG, Esq.                   Date
Counsel for Defendant

_____          Mar 23, 2015
RICHARD MYRUS                               Date
Assistant U.S. Attorney

_____          3 / 24 / 15
SANDRA R. HEBERT                            Date
Assistant U.S. Attorney

_____          3 / 24 / 15
ADI GOLDSTEIN                               Date
Assistant U.S. Attorney
Chief, Criminal Division

8